OPINION
{¶ 1} James D. Furniss appeals from the trial court's finding that he is a sexual predator. He assigns a single error for our consideration:
 {¶ 2} "The trial court's decision finding Appellant to be a `sexual predator' as defined by [R.C.] 2950.01(E) is contrary to the weight of the evidence."
 {¶ 3} Mr. Furniss was originally indicted on ten counts of rape, 17 counts of gross sexual imposition, two counts of kidnapping and three counts of endangering children. He eventually entered into a plea bargain under the terms of which he pled guilty to four charges of gross sexual imposition and the remaining 28 charges were dismissed. He was sentenced to a total of 12 years' incarceration. The trial court also found Mr. Furniss to be a sexual predator as defined in R.C. 2950.01(E).
 {¶ 4} On appeal, Mr. Furniss alleges that the trial court's sexual predator finding was not supported by the evidence required to establish by clear and convincing evidence that he is likely to commit a sexually oriented offense in the future.
 {¶ 5} The Ohio legislature has provided a list of factors the trial courts are to consider when they decide whether a person found guilty of committing a sexually oriented offense is likely to commit more such offenses in the future. The list of factors set forth in R.C.2950.09(B)(2) is:
 {¶ 6} "(a) The offender's age;
 {¶ 7} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 8} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 9} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 10} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 11} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 12} "(g) Any mental illness or mental disability of the offender;
 {¶ 13} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 14} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 15} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 16} The evidence before the trial court indicated that Mr. Furniss sexually abused two of his daughters. The abuse allegedly occurred over two-year period when the girls were between the ages of seven and nine as to the one daughter and between the ages of ten and 12 as to the other daughter.
 {¶ 17} Mr. Furniss admitted rubbing the vaginal area of each girl, digitally penetrating each girl and having each girl masturbate him after he had touched her.
 {¶ 18} The trial court who found Mr. Furniss to be a sexual predator carefully reviewed each factor set forth in R.C. 2950.09(B)(2) on the record. The trial court made findings as to each factor and weighed those findings in reaching its conclusion. The trial court's findings were correct and the court's conclusion that Mr. Furniss is likely to engage in future sexually oriented offenses is fully supported by the evidence presented. The evidence met the "clear and convincing" standard required by law.
 {¶ 19} The single assignment of error is overruled. The finding that Mr. Furniss is a sexual predator is affirmed.
Judgment affirmed.
BRYANT and BOWMAN, JJ., concur.